KAthleen Ann Keough, Judge.
{¶ 1} Plaintiff-appellant, Dolores Wood (“Wood”), as the personal representative of the estate of Frank Wood, deceased, appeals from the judgment of the common pleas court in favor of defendant-appellee Harborside HealthcareBroadview Heights Rehabilitation and Nursing Center (“Harborside”), following a jury verdict on Wood’s claim alleging nursing-home negligence. Wood further appeals the trial court’s denial of her motion for a new trial. Finding merit to the *669 appeal, we reverse the judgment and remand the cause for a new trial on proximate cause and damages.
I
{¶ 2} On July 16, 2005, 87-year-old Frank Wood was admitted to Harborside for short-term rehabilitation following knee-replacement surgery. While at Harborside, he developed a Clostridium difficile infection. He was eventually taken to the hospital, where he died five days later.
{¶ 3} Wood filed suit, alleging that Harborside had been negligent in failing to timely diagnose and treat Frank’s infection. Harborside denied the allegations of Wood’s complaint, asserting that its care of Frank had not been negligent and that there was no proximate-cause relationship between the care it rendered to Frank and his ultimate death.
{¶ 4} The matter proceeded to a jury trial. During deliberations, the jury considered the following interrogatories:
{¶ 5} Interrogatory No. 1: “Has Plaintiff proven, by a preponderance of the evidence, that Defendant, Harborside Healthcare, was negligent in the care and treatment of Decedent, Frank A. Wood?”
{¶ 6} Interrogatory No. 2: “State in what respect(s) you find that Defendant, Harborside Healthcare, was negligent.”
{¶ 7} Interrogatory No. 3: “Has Plaintiff proven, by a preponderance of the evidence, that the negligence of Defendant, Harborside Healthcare, was a proximate cause of injury and death of Frank A. Wood?”[1] (Emphasis added.)
{¶ 8} Interrogatory No. 4: “State an amount of money that you find will compensate the Plaintiff for Mr. Wood’s pain and suffering and loss of enjoyment of life up to the time of his death.”
{¶ 9} Interrogatory No. 5: “State an amount of money you find will compensate the next of kin of Frank Wood for their damages caused by his death.” (Emphasis added.)
{¶ 10} Following deliberations, the jury returned a general verdict in favor of Wood. The jury answered yes to interrogatory No. 1, finding that Harborside had been negligent in its care and treatment of Frank, and stated in its answer to interrogatory No. 2 that Harborside had been negligent as follows: “Doctor not contacted early enough about diarrhea. Senna given when it should not have. *670 Poor charting. Chart not complete.” The jury answered no to interrogatory No. 3, finding that Harborside’s negligence was not the proximate cause of Frank’s injury and death. Consistent with the instructions, the jury skipped interrogatory No. 4 and proceeded to interrogatory No. 5, awarding $250,000 in damages to Frank’s next of kin for their damages caused by his death.
{¶ 11} After reviewing the jury’s general verdict and interrogatory answers, the trial court instructed the jury that its interrogatory answers were inconsistent with the general verdict. The court instructed the jury that the instruction at the conclusion' of interrogatory No. 3 was incorrect and should have stated, “[I]f you answered ‘no’ to this interrogatory, conclude deliberations.” The judge scratched out that part of the instruction that stated “skip to Interrogatory No. 5” and above it wrote, “conclude deliberations.” The court then instructed the jury to resume deliberations and “make the appropriate changes” to their interrogatory answers. The court did not provide the jury with a new general verdict form or new interrogatories.
{¶ 12} When the jury returned after deliberating a second time, the jury again returned a verdict for the plaintiff. It again answered yes to interrogatory No. 1, finding that Harborside had been negligent; it again identified how Harborside had been negligent in its response to interrogatory No. 2; and it again answered no to interrogatory No. 3, finding that Harborside’s negligence was not the proximate cause of Frank Wood’s injury and death. It did not answer interrogatory No. 4, and on interrogatory No. 5, it crossed out the amount it had written in earlier.
{¶ 13} The judge again told the jury that its verdict was inconsistent with its answers to the interrogatories and instructed the jury to continue its deliberations. When the jury returned after deliberating a third time, it entered a verdict for Harborside.
{¶ 14} The trial court finally accepted the verdict and, after polling the jury, entered judgment on the jury’s verdict. Wood subsequently filed a motion to vacate the trial court’s judgment and/or for a new trial on the issues of proximate cause and damages. The court denied the motion and ruled that Wood was not prejudiced by the jury’s further deliberations because “Interrogatory 3 inconsistent with Interrogatory 5 and verdict, due to erroneous directions in Interrogatory # 3” and Wood had not objected to the trial court’s handling of the deliberations.
{¶ 15} Wood now appeals from the trial court’s judgment.
II
{¶ 16} In her second assignment of error, Wood contends that the trial court erred in denying her motion for a new trial on proximate cause and *671 damages because the significant irregularities in the jury deliberations denied her a fair trial. We address this assignment of error first because it is dispositive of the appeal.
{¶ 17} Civ.R. 59(A)(1) provides a trial court with discretion to grant a new trial when there is an irregularity in the proceedings that prevents a party from having a fair trial. “The rule preserves the integrity of the judicial system when the presence of serious irregularities in a proceeding could have a material adverse effect on the character of and public confidence in judicial proceedings.” Wright v. Suzuki Motor Corp., Meigs App. Nos. 03CA2, 03CA3, and 03CA4, 2005-Ohio-3494, 2005 WL 1594850, ¶ 114. The term “irregularity” in this context is “very comprehensive” and describes “a departure from the due, orderly, and established mode of proceeding therein, where a party, with no fault on his part, has been deprived of some right or benefit otherwise available to him.” Reeves v. Healy, 192 Ohio App.3d 769, 2011-Ohio-1487, 950 N.E.2d 605, ¶ 18. We review a trial court’s decision to grant or deny a motion for a new trial for an abuse of discretion. Id.
{¶ 18} In light of the significant irregularities in the jury deliberations, we find that the trial court abused its discretion in denying Wood’s motion for new trial. The trial court denied Wood’s motion because it found the instruction at the end of interrogatory No. 3 to proceed to interrogatory No. 5 if the jury answered no to interrogatory No. 3 to be erroneous, and thus it concluded that the jury’s verdict in favor of Wood when it returned from deliberating the first time was inconsistent with its interrogatory answers. But the trial court’s ruling ignores the fact, which both parties acknowledged at oral argument, that the alleged error in interrogatory No. 3 was pointed out to the trial judge prior to jury instructions and the judge promised to correct the error, but failed to do so. The trial court did not read the interrogatories to the jury, so the attorneys were not aware prior to deliberation that the error had not been fixed. Thus, any alleged inconsistency was created by the trial court, not by Wood.
{¶ 19} Furthermore, it is not apparent that the jury was, in fact, confused by the alleged erroneous instruction regarding interrogatory No. 3. It is not speculative to conclude that the jury’s initial answers to the interrogatories indicated that the jury found that although Harborside was not the proximate cause of Frank Wood’s Clostridium difficile infection, i.e., his injury, its negligent actions with respect to the care and treatment of his infection, were indeed the proximate cause of his death. When the jury returned the first time, it returned a verdict for the plaintiff, found that Harborside had been negligent, explained how Harborside had been negligent, and then, in its answer to interrogatory No. 5, listed $250,000 as the amount that would adequately compensate Wood’s relatives for the damages caused by his death. The jury could have easily *672 entered an award of $0 for Wood in interrogatory No. 5 had it found that Harborside’s negligence was not the proximate cause of Frank Wood’s death. The jury specifically did not answer interrogatory No. 4, which asked them to state an amount to compensate Wood for Frank’s suffering “up to the time of his death.” Thus, one could infer that the jury did indeed find for Wood with respect to Frank’s death and wanted to award her $250,000 for Harborside’s negligence regarding his death.
{¶ 20} Nevertheless, the trial court sent the jury back for further deliberations not once but twice, until it finally returned with a defense verdict. At worst, one could conclude that the jury felt compelled by the trial court to return a defense verdict. At best, the jury’s inability to follow the judge’s instructions, which were confusing, and provide proper and consistent responses to the interrogatories was an irregularity that deprived Wood of a fair trial and just verdict.
{¶ 21} In Reeves, 192 Ohio App.3d 769, 2011-Ohio-1487, 950 N.E.2d 605, the jury answered interrogatories finding that the defendant-doctor was negligent and explaining how, but it found no proximate cause and did not award damages for the plaintiff. The magistrate sent the jury back for further deliberations. When the jury returned with a second verdict, the jury answered the interrogatories "indicating that the doctor had been negligent and describing how, but the jury again found no proximate cause, despite rendering a general verdict for the plaintiff and awarding the plaintiff economic damages. The magistrate ordered the jury to resume deliberations again. When the jury returned a third time, the jury’s interrogatory answers stated that the defendant-doctor had been negligent and that his negligence had proximately caused the plaintiffs injuries; the jury also entered a general verdict for the plaintiff and awarded $450,000 in damages. The magistrate granted the defendant’s motion for a new trial under Civ.R. 59(A)(1) because of an “irregularity” in the proceedings.
{¶ 22} The Tenth District affirmed the grant of a new trial on appeal, finding that “[t]he jury’s repeated failure to return a verdict consistent with its responses to the interrogatories, coupled with its obvious confusion in following the [trial court’s] instructions regarding the interrogatories, [was] a ‘departure from the due, orderly, and established mode of proceeding’ that resulted in the defendants’ being deprived of the right to a fair trial and just verdict.” Id., ¶28, quoting Civ.R. 59(A)(1).
{¶ 23} The jury in this case was obviously confused by the trial court’s instructions regarding the interrogatories. Furthermore, the judge’s instructions and his failure to provide the jury with new interrogatories and jury forms undoubtedly helped to create the irregularity in jury deliberations. Upon initially instructing the jury, the trial court did not read the verdict forms or interrogatories to the jury. Then, the first time he sent the jury back for more *673 deliberations, the judge handwrote new instructions on the same interrogatory forms and returned the jury to further deliberations. He again did not read the interrogatories or verdict forms to the jury to make sure they understood them, but simply instructed the jury to “make the appropriate changes” to them. The next time he sent the jury back, the judge again did not read the interrogatories or verdict forms to the jury, and he again sent them back with the same verdict forms and interrogatories they had already completed, this time with instructions to make them “consistent.”
{¶ 24} As in Reeves, the jury’s obvious confusion in following the trial court’s instructions regarding the interrogatories compromised the fairness of the process and the integrity of the result. In short, through no fault of Wood, there was an irregularity in the process that deprived her of the right to a fair trial and just verdict.
{¶ 25} We recognize that counsel for Wood did not object to the trial court’s instructions regarding further deliberations and thus has waived all but plain error on appeal. See Avondet v. Blankstein (1997), 118 Ohio App.3d 357, 366, 692 N.E.2d 1063. But the result is the same whether we review for abuse of discretion or plain error: the significant irregularities in the jury’s deliberations, irregularities that were not created by Wood, deprived her of her right to a fair trial and just verdict. To let the trial court’s judgment stand in the face of such irregularities could have a significant negative effect on the public’s confidence in these and other judicial proceedings. Wood’s second assignment of error is therefore sustained. The trial court’s judgment is reversed, and the cause is remanded for a new trial regarding proximate cause and damages.
{¶ 26} In light of our resolution of the second assignment of error, we need not address Wood’s first assignment of error. See App.R. 12(A)(1)(c).
Judgment reversed and cause remanded.
Gallagher, J., concurs.
Boyle, P.J., dissents.

. Following the signature lines, at the bottom of the page, the interrogatory instructed: “If you answered 'no' to this Interrogatory, skip to Interrogatory No. 5. If you answered ‘yes' to this interrogatory, proceed to No. 4 and then No. 5."